IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Dorothy Pierce, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Clements Electrical, Inc.; Alton ) | Civil Action No. 8:22-cv-175-TMC |
| Frederick Clements, Jr.; Janet Gay ) | |
| Clements; Jason Alton Clements; ) | |
| Nicholas Behringer; Brandon J. ) | |
| Durham; Jeffery Pilgrim; Richard Hunt ) | **ORDER** |
| McDuff; Morrell Jahn & McDuff, PA, ) | |
| *a/k/a MJM Law LLC*; Sherry L. ) | |
| Burgess; Jerry Nickolson; Francesco ) | |
| Majia Armando Frank; Melissa C. ) | |
| Chastain; Jared Adam Pierce; and ) | |
| Sandra Philips Pierce, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Dorothy Pierce ("Plaintiff"), proceeding *pro se*, brought this action against Defendants on the basis of federal question jurisdiction, claiming that Defendants violated her constitutional rights and asserting a claim under 42 U.S.C. § 1981, as well as common-law causes of action for unjust enrichment, intentional infliction of emotional distress, breach of contract, tortious interference with business, breach of the implied duty of good faith and fair dealing, conversion, and defamation. *See* (ECF No. 1 at 22–37). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On February 4, 2022, the magistrate judge issued a Report and Recommendation ("Report"), recommending the court dismiss Plaintiff's claim under § 1981 for failure to state a claim and decline to exercise supplemental jurisdiction over Plaintiff's remaining State-law causes of action. (ECF No. 7 at 7–8). The Report was mailed to Plaintiff on February 4, 2022, (ECF No.

1

10), and, to date, has not been returned to the court as undeliverable. Plaintiff is, therefore, presumed to have received the Report. Plaintiff was advised of her right to file specific objections to the Report, (ECF No. 7 at 10), but failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation." *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, after a careful and thorough review of the Report and Plaintiff's pleadings, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 7), which is incorporated herein by reference. Accordingly, for the reasons stated therein and set forth in this Order, Plaintiff's § 1981 claim is **DISMISSED** for failure to state a claim and the court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining claims. This action is, therefore, **DISMISSED without prejudice** in its entirety.

IT IS SO ORDERED.

s/Timothy M. Cain
United States District Judge

March 7, 2022
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.